UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RASHAWN HALL,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CITY OF NEW YORK,<br><br>                              Defendant. | 24-CV-1639 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rashawn Hall, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction. He alleges that the City of New York has violated his rights under the Ninth and Fourteenth Amendments to the Constitution by "illegally occupying" his properties. (ECF 1, at 2.) By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. For the reasons set forth below, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this action seeking to evict the City of New York from Ward's Island and other properties located in Manhattan. He uses the court's general complaint form and checks the box on the form to invoke the court's federal question jurisdiction, and in response to the question asking which of his federal constitutional or federal statutory rights have been violated, he writes,

> 9th and 14th Amendments against the oppression and chronic deprivation of the right to life and liberty. The City of New York is illegally occupying all properties I've shown proof to be the landlord and managing agent without any legal contractual agreement and without any authorization.[1]

(ECF 1, at 2.)

Plaintiff alleges that the events giving rise to his claims occurred from December 15, 2020, to the present. He asserts the following as the facts of his case:

> I, Rashawn Hall, the Plaintiff, am the managing agent and landlord for Ward's Island also referred to Randall's Island. The Plaintiff is also the landlord and managing agent of the property at 127 West 25 Street (New York, NY 10001). The Plaintiff is evicting all trespassers forcibly stealing and occupying both places of occurrences (see Index Numbers 23N010240, 23N010532, 24N000274, and 24N000366). However, all evicted tenants and trespassers illegally evicted the Plaintiff by using the signage and banner NYC Department of Homeless Services as an administrative transfer.

(*Id.* at 5.) Plaintiff also alleges that the United States Internal Revenue Service ("IRS") and the United States Department of Treasury have assigned to him Employer Identification Numbers ("EIN") for the "30th Street (HRA) Men's Intake Shelter" and "BRC: Jack Ryan Residence," which are actually called "the Scarlet Orchid Inn" and "Universal Order Housing Authority, LLC" respectively, and that the NYC Department of Finance Automated City Register

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Information System ("ACRIS") has "confirmed" that he is the managing agent of the properties. (*Id*. at 5-6.) He asserts that both the Robert F. Kennedy Bridge and the Ward's Island Bridge have been affixed to his private property "without contractual agreement, compensation, and authorization," and indicates that the New York City Police Department and the New York State Troopers have unlawfully placed a harbor patrol unit and a precinct on his property. (*Id*. at 6.)

In the injury section of the complaint, Plaintiff states, "[t]he respondents (Index Number 23N010240) forcibly had me put on psychiatric evaluation multiple times in order to illegally evict me from the property at 121 Hell Gate Circle (New York, NY 10035)."[2] (*Id*. at 6.) He attaches to the complaint copies of petitions for nonpayment of rent that he has filed in the Housing/Civil Court of the City of New York, New York County ("Housing Court"), against multiple social service agencies that operate homeless shelters.

Plaintiff seeks $944 billion in damages and a temporary restraining order and a warrant of eviction against the City of New York.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v.*

---

[2] Plaintiff previously filed in this court an action against the New York City Department of Homeless Services and two shelter providers in which he alleged violations of his rights in landlord tenant proceedings in the Housing Court. After granting Plaintiff leave to amend his complaint, the Court dismissed that action for failure to state a claim on which relief may be granted. *See Hall v. Clark Thomas Men's Shelter*, No. 23-CV-6965 (LTS) (S.D.N.Y. Oct. 30, 2023).

*Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff brings this action premised on his belief that he is the owner and managing agent of Ward's Island and other properties located in Manhattan that are used as shelters for the homeless. He asserts that the City of New York is illegally occupying these properties and he seeks to have the City evicted. However, a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his claims that he is the rightful owner of Ward's Island and the other properties or that the City of New York is unlawfully occupying these properties. 2023.[3] *See Lefkowitz v. John Wiley & Sons, Inc.*,

---

[3] Plaintiff asserts in the injury section of the complaint that unnamed persons or entities in one of his Housing Court cases have "forcibly had [him] put on a psychiatric evaluation multiple times in order to illegally evict [him]." (ECF 1, at 6.) Because the complaint does not suggest that Plaintiff intends to bring claims in this action about the alleged forced psychiatric evaluations, and in any event, he does not provide facts relating to this assertion, the Court does not address this claim. If Plaintiff wishes to bring claims that he was involuntarily hospitalized without due process by state actors in violation of his rights, he may file a new complaint, providing facts indicating that his rights were violated and naming as defendants the persons responsible.

No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that he believes to be true but, because he has pleaded no factual predicate to support them, are implausible. Therefore, his allegations that he is the owner of properties that the City of New York is illegally occupying amount to conclusory claims and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and, for the reasons discussed above, the Court dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: August 26, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge